IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 Bankruptcy |
| | : | |
| LOUIS CAVICCHIO, IV and | : | No. 1:22-bk-02186-HWV |
| LESA CAVICCHIO, | : | |
| Debtors | : | Electronically Filed Document |
| | : | |
| PENNSYLVANIA DEPARTMENT | : | |
| OF REVENUE, | : | |
| Movant | : | |
| | : | Related to Document # 79 |
| LOUIS CAVICCHIO, IV and | : | |
| LESA CAVICCHIO, | : | |
| Respondents | : | |

**OBJECTION OF THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF REVENUE, TO CONFIRMATION OF THE DEBTORS' THIRD AMENDED CHAPTER 13 PLAN FILED DECEMBER 10, 2023**

AND NOW, comes the Commonwealth of Pennsylvania, Department of Revenue, by its counsel, Pennsylvania Office of Attorney General, Deputy Attorney General Kelly M. Appleyard, and files the within Objection to Debtors' Third Amended Chapter 13 Plan filed December 10, 2023 and respectfully represents the following:

**Parties**

1. Movant is the Pennsylvania Department of Revenue, an Agency of the Commonwealth of Pennsylvania ("Commonwealth").

2. The Respondents are the within Debtors—Louis Cavicchio, IV and Lesa Cavicchio ("Debtors").

**Jurisdiction and Venue**

3. This court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 151 and 157(b)(2)(L).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

**Background**

6. On November 11, 2022, the Debtors filed a voluntary Chapter 13 Petition and Plan. [Doc. 1 and 5].

7. On November 15, 2022, the Movant filed a Proof of Claim for unpaid personal income tax.

8. On June 12, 2023, the Debtors filed their First Amended Chapter 13 Plan. [Doc. 63].

9. On November 7, 2023, the Debtors filed their Second Amended Chapter 13 Plan. [Doc. 70].

10. On December 10, 2023, the Debtors filed their Third Amended Chapter 13 Plan (the "Plan"). [Doc. 79].

11. On December 27, 2023, the Movant filed an Amended Proof of Claim (the "Claim") for unpaid personal income tax in the amount of $22,186.83, of which $18,380.58 is a secured claim pursuant to 11 U.S.C. § 506(a)(1), $3,068.30 is a priority claim pursuant to 11 U.S.C. § 507(a)(8), and $737.95 is a general unsecured claim.

12. The Plan proposes to surrender real property located at 430 Onyx Road, New Oxford, PA 17350 ("Real Property") to the Commonwealth to satisfy its Secured Tax Claim. [Doc. 79].

13. As of the filing of this Objection, no party in interest has objected to any portion of the Proof of Claim. The Proof of Claim is therefore deemed allowed pursuant to 11 U.S.C. §

502(a). As the holder of an allowed claim, Movant is a creditor and party in interest with standing to object to the Chapter 13 Plan pursuant to 11 U.S.C. § 1324(a).

### First Objection
*The Plan Fails to Provide for the Payment of the Commonwealth's Priority Tax Claim*

14. Movant objects to the Plan pursuant to 11 U.S.C. § 1322(a)(2) because the Plan fails to provide for full payment, in deferred cash payment, of all of Movant's priority tax claim.

15. Movant does not consent to the treatment of its priority tax claim proposed by the Debtors in the Plan.

### Second Objection
*11 U.S.C. § 1325(a)(6) – Feasibility Due to Unfiled Tax Period*

16. Movant objects pursuant to 11 U.S.C. §1325(a)(6) because the Court must determine if the Debtors "will be able to make all payments under the plan and comply with the plan."

17. The Debtors have failed to file their 2017 personal income tax return.

18. Once filed, the Debtors' 2017 personal income taxes will be priority tax obligations pursuant to 11 U.S.C. §507(a)(8)(A)(i).

19. The Plan must pay priority debts in full pursuant to 11 U.S.C. §1322(a)(2).

20. Movant does not agree to a different treatment.

21. Movant cannot be certain of the accuracy of its claim due to the unfiled personal income tax period.

22. Until the Debtors have filed their personal income tax returns, the Court cannot determine if the Debtors will be able to make all payments that will be required under a Plan.

## Third Objection
### *The Plan is Ambiguous as to Surrender Terms and Thus Unconfirmable*

23. The Debtors' proposal to surrender the Real Property to the Commonwealth to satisfy its Secured Tax Claim fails to explain any terms of the proposed surrender, making the Plan unfeasible and, thus, unconfirmable.

24. "In addition to demonstrating the feasibility of her proposed plan, a chapter 13 debtor has the burden to propose a plan that clearly sets out her obligations thereunder, so that parties in interest and the court can determine whether all statutory requirements for confirmation are met." *In re Cope*, 210 WL 376380 at *5 (Bankr. E.D. Pa. 2010).

25. "A provision of a plan is ambiguous if it is susceptible to two [or more] reasonable interpretations." *In re Huddle*, 2007 WL 2332390 at *6 (Bankr. E.D. Va. 2007).

26. Similar to *Huddle*, the Plan proposed herein is unclear as to whether the property is proposed to be surrendered:

    a. As a distribution in full satisfaction of the Commonwealth's secured claim,

    b. Subject to the Commonwealth retaining its lien and entitlement to be paid for its remaining secured claim from its other collateral, or

    c. With the amount of the Commonwealth's secured claim being determined in accordance with cram down provisions.

27. The Plan is unconfirmable due to patent ambiguity, as it is unclear whether the provision in Section 2F of the Debtor's Chapter 13 Plan is intended as a distribution of property under 11 U.S.C. § 1325(a)(5)(B), a surrender of property under 11 U.S.C. § 1325(a)(5)(C), or a cram down of the Commonwealth's tax lien under 11 U.S.C. § 506(a).

28. In regard to each of these reasonable interpretations of the Plan's provisions, the Commonwealth objects to the proposed treatment of its secured claim.

## Fourth Objection

### *The Plan is Not Confirmable Under Section 1325(a)(5)(A) of the Bankruptcy Code*

29. The Plan is not confirmable under Section 1325 (a)(5)(A) of the Bankruptcy Code, which requires that the holder of each allowed secured claim provided for by the plan has accepted the plan.

30. The Commonwealth does not accept the Plan.

## Fifth Objection

### *The Plan is Not Confirmable Under Section 1325(a)(5)(B) of the Bankruptcy Code*

31. The Plan is not confirmable under Section 1325 (a)(5)(B) of the Bankruptcy Code, which requires that the plan include mandatory language and that property distributed to the lienholder is valued as at least equal to the amount of the secured claim.

32. Section 1325(a)(5)(B) of the Bankruptcy Code sets forth the requirements if property is to be distributed to the creditor in satisfaction of the creditor's lien.

33. The "property to be distributed" referred to in (B)(ii) is not defined in the Code, but has been interpreted to sensibly include "any property, including the collateral." *In re Kerwin*, 996 F.2d 552, 558 (2nd Cir. 1993)(interpreting corresponding language in Section 1225(a)(5)(B)), *see In re Schwartz*, 1998 WL 37551 at *4 finding the interpretation of language in Section 1225(a)(5)(B) and (C) in *Kerwin* applicable to Section 1325(a)(5)(B) and (C)).

34. Section 1325(a)(5)(B)(i) requires that the Plan include language providing that the holder of the allowed secured claim retain its lien securing such claim until the earlier of payment of its allowed claim or discharge, and that such lien shall be retained in the event of dismissal or

conversion of the case. No such language has been included in the Plan as to the Commonwealth's Claim.

35. Section 1325(a)(5)(B)(ii) requires that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim".

36. When property is distributed to a creditor under this section, the creditor's claim may be deemed fully satisfied only if the property to be distributed has been valued as at least equal to the amount of that claim. *In re Kerwin*, 996 F.2d 552, 557 (2nd Cir. 1993).

37. Debtors' valuation of the Real Property, as set forth in the Debtors' schedules, is $418,500.00. [Doc. 1].

38. Such property is subject to a prior lien held by HMC Assets LLC, in the amount of $462,159.52 as set forth in the Proof of Claim filed by HMC Assets LLC in the within case. [Claim 12-1].

39. The Plan proposes for the same property to be distributed to HMC Assets LLC as to the Pennsylvania Department of Revenue.

40. The Plan does not provide for distribution of other property or payments for a total distribution valued as at least equal to the amount of the secured claim.

41. The proposed treatment does not satisfy the requirements of 11 U.S.C. § 1325(a)(5)(B).

### Sixth Objection
*The Plan Fails to Comply with Section 1325(a)(5)(C) of the Bankruptcy Code*

42. The Plan Fails to Comply with Section 1325(a)(5)(C) of the Bankruptcy Code because the Plan does not surrender all of the property securing the Commonwealth's claim, the

proposed surrender is too vague to be enforceable, the Commonwealth does not consent to the proposed surrender, and the Plan improperly attempts to treat a surrender under Section 1325(a)(5)(C) as a surrender in full satisfaction of the Commonwealth's claim.

### *The Plan Does Not Surrender All of the Property Securing the Commonwealth's Claim*

43. Section 1325(a)(5)(C) of the Bankruptcy Code provides for a treatment of a secured claim in which "the debtor surrenders the property securing such claim to such holder."

44. "The plain language of this subsection requires the surrender of all and not just a part of the collateral securing a claim." *In re Schwartz*, 1998 WL 37551 at *3 (Bankr. E.D. Pa. 1998) (noting that the Legislature chose to use the phrase "all or part of" in other sections but not in section 1325(a)(5)(C)).

45. "'[T]he property securing such claim' in (C) refers to all the debtor's collateral and … a transfer of only part of the collateral cannot be accomplished through that section." *In re Kerwin*, 996 F.2d 552, 556-57 (2nd Cir. 1993).

46. The Commonwealth's Secured Tax Claim attaches to Debtors' real property and personal property. *See* 72 P.S. § 1401.

47. The Plan does not propose to surrender all of the Debtors' personal property to the Commonwealth.

48. Because the Plan only proposes to surrender to the Commonwealth a portion of the property securing its claim, the Plan does not properly accomplish a surrender under 11 U.S.C. § 1325(a)(5)(C).

### *The Surrender is Too Vague to be Enforceable*

49. A debtor's surrender of his interest in property under this section serves as "an offer to cede his property rights to lienholders." *In re Achinivu*, 612 B.R. 860, 866 (Bankr. D. N.J. 2020).

50. "When a debtor surrenders the property, a creditor obtains it immediately, and is free to sell it and reinvest the proceeds." *Associates Commercial Corp v. Rash*, 520 U.S. 953 (1997).

51. A surrender is too vague to be enforceable if it fails to specify details including to which lienholder the property would be surrendered and the mechanism for surrender. *In re Shilling*, 2012 WL 1565257 at *1 (Bankr. D. N.J. 2012).

52. The property to be surrendered in this case is subject to more than one lien, is proposed to be surrendered to more than one lienholder, and fails to specify the mechanism for surrender to the Commonwealth.

53. Creditor HMC Assets LLC holds a mortgage against the Real Property, which is senior to the Commonwealth's Secured Tax Claim. *See* Proof of Claim 21-1.

54. The Commonwealth, as a junior lienholder, could not take ownership of the Real Property and subvert the rights of a senior lienholder.

### *The Commonwealth Does Not Consent to the Proposed Surrender*

55. The surrender of collateral requires a mutual agreement between the debtor and the creditor, and the consent of both. *In re Behanna*, 381 B.R. 631, 640 (Bankr. W.D. Pa. 2008).

56. Although Section 1322(b)(8) permits a plan to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor," a creditor's acceptance of property is also a vital element. *see In re Achinivu*, 612 B.R. 860 (Bankr. D. N.J.

2020); *In re Lemming*, 532 B.R. 398 (Bankr. N.D. Ga. 2015); *In re Keokuk*, 600 B.R. 593 (Bankr. E.D. Ky. 2019).

57. In deciding whether the surrender of property to a secured creditor is permissible, Courts in the Third Circuit look to whether the affected secured creditor timely objects. *E.g.*, *In re Achinivu*, 612 B.R. 860, 866 (Bankr. D.N.J. 2020).

58. The Commonwealth does not accept the Debtors' surrender of the Real Property and this objection is timely.

### *The Plan Improperly Treats a Section 1325(a)(5)(C) Surrender as a Full Satisfaction of the Commonwealth's Claim*

59. It appears the Debtors are attempting to surrender the Real Property under 11 U.S.C. § 1325(a)(5)(C) in full satisfaction of the Commonwealth's claim.

60. This position "reads language into the statute that is simply not there. … Notably absent from the section is the phrase 'in full satisfaction'" *In re Shilling*, 2012 WL 1565257 at *2 (Bankr. D. N.J.2012).

61. If the Real Property is surrendered under 11 U.S.C. § 1325(a)(5)(C), by law the Commonwealth's lien continues to attach to the Debtor's other property, and may include priority portions for which payment of cash or its equivalent is required.

62. The Plan fails to provide for the Commonwealth's remaining secured and priority claims, and therefore attempts to treat the surrender as a full satisfaction of the Commonwealth's claim in contravention of applicable law.

## Seventh Objection

*The Plan is Procedurally Deficient Under Fed. R. Bankr. P. 3012*

63. The Commonwealth objects to the Plan because the Debtors' proposal to surrender only a portion of the Commonwealth's collateral to the Commonwealth, and failing to provide for payment of the remainder of the Commonwealth's secured tax claim, circumvents Fed. R. Bankr. P. 3012(c) by modifying the Secured Tax Claim without filing a motion or claim objection.

64. Any request to determine the amount of a secured claim of a governmental unit must be made by motion or by claim objection. *See* Fed. R. Bankr. P. 3012(c).

65. In the Plan, the Debtors propose to surrender the Real Property "that secures the creditor's claim." Upon confirmation, the automatic stay under 11 U.S.C. § 362(a) will "be terminated as to the collateral only. Any allowed unsecured claim resulting from the disposition of the collateral will" be treated alongside the general unsecured claims. ECF No. 79 at Part 2(F).

66. However, the Commonwealth's Secured Tax Claim attaches to Debtors' real property and personal property. *See* 72 P.S. § 1401.

67. The Debtors' proposed surrender of Real Property, thus, fails to acknowledge that the Commonwealth attaches to other collateral in the bankruptcy estate.

68. The language in Part 2(F) of the Plan appears to be an attempt to limit the Secured Tax Claim to only attach to the Real Property.

69. The Commonwealth objects to the Plan as the proposal to modify the Commonwealth's Secured Tax Claim through the plan must be made by motion or claim objection.

### Eighth Objection

*The Plan Fails to Provide for Interest on the Commonwealth's Tax Claim Secured by Personal Property*

70. Movant objects to the Plan pursuant to 11 U.S.C. § 1325(a)(5) and 11 U.S.C. § 506(b) because the Plan fails to provide for payment of the statutory interest rate on the Movant's secured claim.

71. Under 11 U.S.C. § 1325(a)(5)(b)(ii), the holder of the allowed secured claim is entitled to "the value, as of the effective date of the plan."

72. The Third Circuit interpreted 11 U.S.C. § 1325(a)(5)(B)(ii) to require ordinarily the payment of interest on a creditor's allowed secured claim throughout the payment period under the plan. *See General Motors Acceptance Corporation v. Jones,* 999 F.2d 63, 65 (3d Cir.1993).

73. Movant is entitled to the payment of interest in order to receive the present value of the allowed amount of its tax claim. *See In re Soppick*, 516 B.R. 733, 753 (Bankr. E.D. Pa. 2014).

74. The rate of interest must be determined by reference to the "applicable nonbankruptcy law." 11 U.S.C. § 511(a).

75. The interest rate for taxes paid through a plan in bankruptcy shall be the rate applicable as of "the calendar month in which the plan is confirmed." 11 U.S.C. § 511(b).

76. Under Pennsylvania law, the interest rate owed on a state tax is the interest rate established by the Secretary of the Treasury of the United States pursuant to 26 U.S.C. § 6621. 72 PA. STAT. § 806. Such rate remains in effect for the entire calendar year without regard to intervening changes in the federal interest rate. *Ibid*. The current applicable interest rate for the Movant's secured claim is eight percent (8%).

WHEREFORE, for the reasons set forth above, the Commonwealth, respectfully requests that this Honorable Court enter an Order denying confirmation of the Debtors' Third Amended Chapter 13 Plan; requiring the Debtors to file an amended plan within thirty (30) days; and further granting Movant all such other relief as is proper and just.

                              Respectfully submitted,

                              MICHELLE A. HENRY
                              Attorney General

                       By:    */s/ Kelly M. Appleyard*
                              KELLY M. APPLEYARD

Office of Attorney General               Deputy Attorney General
Financial Enforcement Section          PA Attorney ID 320919
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 497-8758

kappleyard@attorneygeneral.gov

                                                   Counsel for the Commonwealth of
Date: January 17, 2024                    Pennsylvania, Department of Revenue